**James and Elizabeth McCARTHY**

v.

**C–COR ELECTRONICS, INC.
and Richard E. Perry.**

Civil Action No. 95–1911.

United States District Court,
E.D. Pennsylvania.

May 23, 1996.

Fred S. Longer, Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, Stuart H. Savett, Savett, Frutkin, Podell & Ryan, P.C., Philadelphia, PA, for plaintiffs.

Walter M. Einhorn, Jr., Alan J. Davis, Ballard, Spahr, Andrews and Ingersoll, Philadelphia, PA, for defendants.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

On December 28, 1995, this court issued an opinion granting in part and denying in part a motion to dismiss by the defendants, C–Cor Electronics, Inc. and Richard E. Perry. *See McCarthy v. C–Cor Electronics, Inc.,* 909 F.Supp. 970 (E.D.Pa.1995). The plaintiffs, James and Elizabeth McCarthy, subsequently filed a motion for reconsideration. They assert that this court was in error when, *sua sponte,* it found that the complaint did not comply with the requirement, set forth in *Shapiro v. UJB Financial Corp.,* 964 F.2d 272, 285 (3d Cir.1992), that securities fraud complaints "delineate ... the nature and scope of plaintiffs' effort to obtain, before filing the complaint, the information needed to plead with particularity" pursuant to Federal Rule of Civil Procedure 9(b). Plaintiffs also assert that this court's dismissal of the plaintiffs' claim relating to C–COR's February 1995 Form 10–Q was erroneous.

I will begin with the plaintiffs' first argument. The December 28, 1995 opinion considered whether plaintiffs' complaint met Federal Rule 9(b)'s requirement that fraud be pleaded with particularity. The plaintiffs assert that this court did not have the authority to apply Rule 9(b) *sua sponte.*[1] I will not reach the question whether I had that authority, because I find that, supposing that I did, my December 1995 opinion applied *Shapiro* incorrectly.

■ *Shapiro*'s requirement that a securities fraud complaint describe the plaintiff's investigation into the information needed to plead fraud with particularity only applies to cases in which the plaintiff alleges that it is impossible to provide that information because it lies within the defendants' exclusive control. 964 F.2d at 284–85. As I found in my December 28, 1995 opinion, the plaintiffs have succeeded in pleading fraud with partic-

ularity without asserting that relevant information lies within the exclusive control of the defendants. The plaintiffs' complaint alleges that Perry, C–COR's chief executive officer, sold fifteen to twenty percent of his stock in C–COR in February 1995, roughly a month after the allegedly misleading press release was issued and roughly a month before C–COR made adverse news about its revenues and earnings public. The December 28, 1995 opinion found that this allegation raised a rebuttable inference that Perry, and thus C–COR, knew that the January 17, 1995 press release was misleading when it was issued. *McCarthy,* 909 F.Supp. at 978–79. Thus, whether the requirement that fraud be pleaded with particularity is expressed as requiring that plaintiffs allege facts that give rise to a "strong inference" that the defendants possessed fraudulent intent, *see Stern v. Leucadia National Corp.,* 844 F.2d 997, 1004 (2d Cir.), *cert. denied,* 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 109 (1988), or as requiring that the plaintiff allege facts suggesting that the allegedly fraudulent statements were false when made, *see In re Glen-Fed, Inc. Securities Litigation,* 42 F.3d 1541, 1546–49 (9th Cir.1994), the plaintiffs have met that requirement. *Shapiro*'s requirement that plaintiffs describe the investigation that they conducted into the information required to plead with particularity therefore does not apply to them. Accordingly, I will grant the plaintiffs' motion, and will correct this element of my December opinion.

■ The plaintiffs also seek to have this court reconsider its dismissal of their claims based upon C–COR's February Form 10–Q filing. The plaintiffs have never presented any. detailed theory of the way in which this filing was false or misleading. The filing stated, in summary, that in C–COR's second quarter (a) the firm's expenses had increased because of efforts to increase production capacity, (b) C–COR's increase in sales volume had more than offset the increased expenses, (c) accounts receivable and inventories had increased, (d) the increase in accounts receiv-

---

1. In response, the defendants note that a court may under some circumstances treat a motion to dismiss under Rule 12(b)(6) as a motion for a more definite statement under 12(e). *See, e.g.* *Dammon v. Folse,* 846 F.Supp. 36, 37 (E.D.La. 1994); *Ross v. Ross,* 104 F.R.D. 439, 442 (N.D.Ill.1984).

able was attributable to an increase in sales volume, (e) inventories had increased because of C–COR's increase in production and because C–COR had been "making 'strategic' investments in certain raw material parts which were forecast to be in short supply in the future." Complaint, ¶ 23.

The plaintiffs aver that this filing was false and misleading because it omitted to state that C–COR was "experiencing (1) shortages in components; (2) extended test times for products before they could be shipped; (3) delays in development of products; and (4) increased costs associated with its two new manufacturing plants." These four items are paraphrased from C–COR's March press release announcing reduced growth in revenues and earnings for its third quarter.

The plaintiffs have never made any effort to demonstrate in what way the language of the February filing is inconsistent with the above four propositions, and this court can perceive no inconsistency. The February filing states outright that C–COR had experienced increased costs associated with its manufacturing plants, and so could hardly be misleading on that score. It makes no statements about the status of testing or development of products, or about whether C–COR was affected by component shortages in its second quarter. The filing does state that the firm was taking measures to respond to anticipated shortages, but it makes no claims about the anticipated effectiveness of those measures. In short, the filing does not seem to be materially misleading in any of the respects claimed by the plaintiffs.

Accordingly, I will deny this element of the plaintiffs' motion for reconsideration. An appropriate order accompanies this opinion.

### ORDER

For the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the plaintiffs' motion for reconsideration is GRANTED in part and DENIED in part.

1. The plaintiffs' motion for reconsideration is GRANTED to the extent that it relates to paragraph 2 of this court' order of December 28, 1995. The plaintiffs need not file an amended complaint of the type described in that paragraph.

2. The plaintiffs' motion for reconsideration is DENIED to the extent that it relates to the plaintiffs' claims based upon C–COR's February 1995 Form 10–Q filing.